STATE OF NEBRASKA, APPELLEE, V. BERT BOOTH, APPELLANT.

195 N. W. 2d 198

Filed March 10, 1972. No. 38266.

Stephen Greenburg, Paul E. Watts, Michael N. Schirber, and Samuel A. Boyer, Jr., for appellant.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellee.

150

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The sole question on this appeal is whether the sentence is excessive. On November 24, 1969, the defendant, being represented by counsel, pled guilty to a charge of burglary and was placed on probation for a period of 3 years. On June 7, 1971, he was charged with probation violation. One of the conditions of probation was that he report monthly in person and in writing to his probation officer. At the violation hearing defendant was represented by counsel and it was stipulated that he had not reported during the probation period. The court, after obtaining a presentence report, imposed an indeterminate sentence of 3 to 5 years on the burglary charge. At the violation hearing defendant took the stand himself to present evidence in mitigation.

The defendant at the time of sentence was 20 years old. The record reveals no justifiable reason for failure to make the reports as required. His own evidence shows other violations of the conditions of probation. It also shows violation of a prior probation order on a minor charge and the presentence report indicates a record of juvenile offenses including stealing tires and cars, and escape from the Youth Center at Omaha. The defendant is married and has two small children but was living apart from his family during the time he was failing to report. His stated motive in living apart from his family was to avoid apprehension. He testified that he was making contributions to his family's support as he could.

On the record we cannot say the trial court abused its discretion.

AFFIRMED.